IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSHUA BEDILION,

    Plaintiff(s),                             08cv1066
                                                   **ELECTRONICALLY FILED**

    v.

COUNTY OF GREENE ET AL.,

    Defendant(s).

### Order Dismissing Case

Pending before this Court are two motions to dismiss (doc. nos. 29 and 31) and a praecipe for entry of judgment of non pros for failure to file a certificate of merit (doc. no. 33). This Court ordered plaintiff to respond to the pending motions and said responses were due on November 7, 2008, November 12, 2008 and November 14, 2008, respectively. Plaintiff failed to respond to the motions and failed to request any extensions of time within which to respond. Therefore, on November 18, 2008, the Court issued a rule to show cause why this case should not be dismissed for failure to prosecute and/or failure to respond to numerous pending motions. Plaintiff was again ordered to respond to said order on November 26, 2008. Plaintiff, however, has failed to respond to the rule to show cause and the numerous motions listed above.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a Court may dismiss an action, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court . . . ." The Court has discretion to dismiss for failure to prosecute after first considering the six factors known as the *Poulis* factors. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The *Poulis* factors are the (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders

and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

After careful consideration of the *Poulis* factors, this Court finds that factors two, three, four and five necessitate in favor of dismissal of this case. Having now failed to respond to numerous motions and a rule to show cause despite having notice of all deadlines through CM/ECF as well as numerous courtesy email reminders by this Court's staff, plaintiff has developed a history of dilatoriness that is willful and has worked a prejudice to defendants. The record reflects that plaintiff's counsel earlier attempted to withdraw as counsel in this case and said motion was denied until substitute counsel entered his or her appearance. No such appearance has been entered. Although *Poulis* factors one and six are neutral and do not weigh heavily against plaintiff, given that plaintiff (through his chosen counsel) has flagrantly and repeatedly failed to follow Court orders, it is difficult to imagine that a lesser sanction would serve the interests of justice. Accordingly, this Court will dismiss this case with prejudice for failure to prosecute and for failure to respond to numerous pending motions and the rule to show cause. The clerk shall mark the docket closed.

SO ORDERED this 1st day of December, 2008.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties